## STATE OF CONNECTICUT *v.* BYRON ANDERSON (14226)

PETERS, C. J., CALLAHAN, COVELLO, BORDEN and BERDON, Js.

Argued September 26—decision released November 19, 1991

*Kent Drager,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Herbert Carlson, Jr.,* assistant state's attorney, for the appellee (state).

BERDON, J. The sole issue in this appeal is whether a criminal defendant who agrees to plead guilty to certain charges in consideration of the state's promise to recommend a sentence that is below the statutory maximum, while reserving the right to argue for a lesser sentence, has entered into a "plea agreement" within the meaning of General Statutes § 51-195.[1] Under

[1] General Statutes § 51-195 provides in pertinent part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, *except* in any case in which a different sentence could not have been imposed or *in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement* or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. Upon imposition of sentence or at the time of revocation of such suspended sentence, the clerk shall give written notice to the person sentenced of his right to make such a

§ 51-195, if the trial court imposes a sentence that was negotiated as part of a "plea agreement," the defendant is not entitled to have the sentence review division of the Superior Court review the imposed sentence. In this case, the Appellate Court held that because the defendant's agreement with the state was a "plea agreement" within the meaning of the relevant exception contained in § 51-195, he was not entitled to sentence review. *State* v. *Anderson,* 23 Conn. App. 564, 571, 583 A.2d 142 (1990). We conclude that the Appellate Court's decision is contrary to our holding in *Staples* v. *Palten,* 214 Conn. 195, 571 A.2d 97 (1990), and we reverse the judgment of the Appellate Court.

The relevant facts are as follows. The defendant, Byron Anderson, was originally charged in an eleven count information for an incident that occurred in Bristol in the early morning hours of January 1, 1986. The defendant entered pleas of not guilty to these charges. On January 21, 1987, the state filed a substitute three count information charging the defendant with one count of sexual assault in the first degree, one count of burglary in the second degree, and one count of sexual assault in the third degree, in violation of General Statutes §§ 53a-70 (a), 53a-102 (a), and 53a-72a (a) (1)[2]

---

request. Such notice shall include a statement that review of the sentence may result in decrease or increase of the term within the limits fixed by law. . . ." (Emphasis added.)

[2] General Statutes § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with a person under thirteen years of age."

General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

General Statutes § 53a-72a (a) (1) provides: "A person is guilty of sexual assault in the third degree when such person (1) compels another person

respectively. That same day, the defendant withdrew his prior pleas and entered pleas of guilty to the counts of sexual assault in the first degree and burglary in the second degree, and entered an *Alford*[3] plea to the count of sexual assault in the third degree.

The defense attorney informed the trial court, *Kline, J.*, that the state intended to recommend a twenty year sentence. He also told the court that the defendant had retained the right to argue for a lesser sentence. At his sentencing, the defendant argued for a ten year period of incarceration. Nevertheless, the trial court, *Susco, J.*, sentenced the defendant to a term of twenty years for the charge of sexual assault in the first degree, and to concurrent terms of five years each on the remaining two charges, for a total effective sentence of twenty years.

The defendant appealed his conviction to the Appellate Court claiming that: (1) the trial court failed to provide him with notice of his statutory right to sentence review; and (2) his guilty pleas were unconstitutional because the trial court failed to inform him that he was facing a mandatory minimum, nonsuspendable sentence on the charge of sexual assault in the first degree. The Appellate Court affirmed the defendant's conviction. We granted the defendant's petition for certification limited to the issue of whether the agreement he had entered into with the state constituted a plea agreement within the meaning of § 51-195, so that the defendant was not entitled to a review of his sentence.

to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such person to fear physical injury to such person or a third person."

[3] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), provides that a criminal defendant may submit to being punished as if he were guilty of the crime charged without expressly admitting his guilt. *State* v. *Amarillo*, 198 Conn. 285, 314 n.17, 503 A.2d 146 (1986).

Under § 51-195, any person sentenced to serve a prison term of three or more years is entitled to have written notification on the day of sentencing of the right to file within thirty days a petition seeking sentence review. The statute provides for three exceptions where sentence review is not allowed: "[1] in any case in which a different sentence could not have been imposed or [2] in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or [3] in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement." The present appeal concerns the second exception to the statutory right of sentence review.

At the outset, we recognize that there are two principles of statutory construction that we must consider when construing the meaning of "plea agreement" in the exception to § 51-195. First, "[r]emedial statutes are to be liberally construed in favor of those whom the legislature intended to benefit." *Hinchliffe* v. *American Motors Corporation*, 184 Conn. 607, 615 n.4, 440 A.2d 810 (1981), citing *Hartford Fire Ins. Co.* v. *Brown*, 164 Conn. 497, 503, 325 A.2d 228 (1973). Second, " '[w]hen a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent.' " *Willoughby* v. *New Haven*, 123 Conn. 446, 454, 197 A. 85 (1937), citing *Bickart* v. *Sanditz*, 105 Conn. 766, 772, 136 A. 580 (1927); *State* v. *Turello*, 183 Conn. 330, 335, 439 A.2d 364 (1981). In *Staples* v. *Palten*, supra, 200, we stated that § 51-195 is a remedial statute because its purpose is to curb the ill effects stemming from wide judicial discretion in sentencing prisoners for similar offenses.[4] Thus, the statute is to be construed liberally in favor of its intended beneficiaries, the prisoners seek-

[4] For a more thorough discussion of the historical background of General Statutes § 51-195, see *State* v. *Nardini*, 187 Conn. 109, 118-19, 445 A.2d 304 (1982).

ing review of their sentences, and any exception from sentence review eligibility is to be construed strictly. Id., 199–200.

We have defined the meaning of "plea agreement," as used in the exceptions in § 51-195, as "an agreement encompassing a sentence of a specific term of years." *Staples* v. *Palten*, supra, 200. In *Staples*, the defendant agreed to plead guilty to a substitute three count information. The state and the defendant agreed that no specific sentence would be recommended to the trial court. At sentencing, the state argued for incarceration and the defendant argued for a lesser sentence than he actually received. The defendant was sentenced to a total effective sentence of six years. On appeal, the defendant successfully argued that the sentence review division incorrectly dismissed his application for sentence review. In *Staples*, we held that because the defendant had not agreed to a "specific term of years" he was not excluded from sentence review under the "plea agreement" exception.

In the present case, the Appellate Court held that the defendant's agreement to plead guilty and to be exposed to a maximum twenty year sentence was of "sufficient specificity to constitute a 'plea agreement' and thus made him ineligible for sentence review." *State* v. *Anderson*, supra, 571. The Appellate Court incorrectly distinguished the facts of this case from those in *Staples*. The Appellate Court noted that in *Staples*, the maximum sentence that the defendant was exposed to was set by statute. In the present case, however, the plea agreement set a twenty year maximum prison term, or "cap," to which the court could sentence the defendant and stay within the boundaries of the agreement between the parties. We are not persuaded by the court's distinction for the reasons set forth below.

First, the Appellate Court's holding suggests that because the defendant knew that the state intended to recommend a twenty year sentence, he implicitly agreed to be sentenced to twenty years. This is incorrect because it ignores the fact that the defendant specifically reserved the right to argue for a lesser sentence.[5] A defendant who reserves the right to argue for a lesser sentence anticipates that he may be able to persuade the court to impose a lesser sentence than that which the state is recommending. Here, the defendant was not only hoping to receive a lesser sentence, but he did, in fact, argue for a ten year incarceration. The only effect of the state's recommendation of the twenty year sentence was that it set a maximum number of years to which the trial court could have sentenced the defendant.

Second, the Appellate Court did not properly take into account the wide discretion that was left to the trial court in the present case. Each party agreed to argue for a sentence that each believed was appropriate. Because there was no agreement for a specific term of years, the trial court could have sentenced the defendant to one year, the minimum sentence for sexual assault in the first degree, or to twenty years, the "cap" set by the state's agreement with the defendant, or to anything between one year and twenty years. The nineteen year range of possible sentences that was left to the court's discretion did not amount to an agreement for a "specific term of years."[6]

---

[5] The defendant's attorney stated to the trial court, *Kline, J.,* that "[m]y client knows that each side is free to argue for whatever sentence they feel is appropriate. The State's Attorney has told me, and I've told Mr. Anderson, that State's Attorney Carlson intends, at the time of sentencing, to ask for a 20-year sentence. And my client is aware of that, and he's aware that I have the right to ask for a lesser sentence."

[6] Also, we are not persuaded by the state's argument that the present case is distinguishable from *Staples* v. *Palten,* 214 Conn. 195, 571 A.2d 97 (1990), because here, unlike *Staples,* there is a "causal connection" between

We conclude that a "plea agreement," for the purpose of excluding sentence review under § 51-195, requires that the defendant and the state's attorney agree to a recommendation of a specific term of years of incarceration, without a reservation by the defendant of the right to argue for a lesser sentence. Any reservation of the right to argue for a lesser sentence affords the court the very discretion that the statute intended to monitor.

The judgment of the Appellate Court is reversed in part and the case is remanded to the Appellate Court with direction to remand the case to the trial court with the instructions that the defendant be given the notice required by § 51-195 and that the defendant be allowed to file an application for sentence review within thirty days of his receipt of such notice.

In this opinion PETERS, C. J., and BORDEN, J., concurred.

CALLAHAN, J., with whom COVELLO, J., joins, dissenting. I joined Justice Healey's dissenting opinion in *Staples* v. *Palten,* 214 Conn. 195, 201, 571 A.2d 97 (1990), and believe that the reasoning of that opinion is equally applicable to this case. I respectfully dissent.

the sentence the defendant received and the twenty year maximum sentence the court could have imposed. The state argued that without the agreement, the defendant was exposed to a maximum of thirty-five years had he been sentenced to serve consecutive terms for each offense. The state argued that any time there is a "causal connection" between the maximum sentence agreed to and the sentenced imposed, the agreement falls within the "plea agreement" exception to the statute. The state's distinction ignores the purpose of the statute, which is to monitor unfettered trial court sentencing discretion. In light of the appropriate construction of remedial statutes, any exception to the statute must be strictly construed.