[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Windham. Docket No. CR88-8571;
Margaret P. Levy, Esq., Defense Counsel, for Petitioner
 Vincent Dooley, Esq., Assistant State's Attorney, for the State
BY THE DIVISION
After a plea of guilty, petitioner was found guilty of possession of narcotics with intent to sell in violation of General Statutes Section 21a-277 (a). A sentence of five years consecutive to a federal sentence of seventy-one (71) months was imposed. The conviction arose out of an arrest in which an undercover detective arranged to purchase two hundred bags of heroin from petitioner. At the time of the arrest, a search of the vehicle which petitioner was driving disclosed one hundred ninety six folded glassine packets each containing a white substance which field tested positive for heroin.
The plea of guilty by petitioner was entered on an agreement that the state would recommend a sentence of eight years consecutive to the federal sentence and that defendant would have a right to argue for less or for a concurrent sentence. This division has jurisdiction by virtue of State v. Anderson, 220 Conn. 400
(1991).
The attorney for petitioner stressed the tender age of petitioner and, except for the federal offense, his lack of other criminal record. The attorney also stressed that the consecutive sentence in this case prevented petitioner from getting a reduction in the federal sentence. It was argued that a concurrent sentence would be more equitable and would allow petitioner to be deported to his native Dominican Republic at the end of the federal sentence.
The state's attorney argued that the sentence was fair and was less than that requested by the State. The state's attorney pointed out that petitioner's arrest on the federal charges occurred while he was out on bond for this offense.
In imposing sentence, the Court considered the young age of petitioner and his personal involvement with drugs. The court also affirmed its duty to protect society from this type of conduct. The judge went on to say that the most damaging factor was that the federal offense took place after he had been arrested on this charge. CT Page 10493
The sentence here was well below the maximum established by the legislature and was not disproportionate in light of the requirement to protect the public interest and to deter others from such criminal activity.
Sentence affirmed.
PURTILL, JUDGE KLACZAK, JUDGE NORKO, JUDGE
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.