[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 17, 1993 Date of Application July 16, 1993 Date Application Filed July 16, 1993 Date of Decision November 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New CT Page 10940 Britain, at Hartford.
Docket No. CR 92-74640 and CR 93-76919;
M. Fred Decaprio, Esq., Defense Counsel, for Petitioner.
Catherine Krinitsky, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
This petitioner, who was then thirty-one years of age, pleaded guilty and was sentenced as follows:
CR92-74640 Larceny, 1st degree 53a-122(a)(2) — 14 years, e.s., after 8 yrs., probation 4 years.
 Forgery, 2nd degree, 53a-139(a)(1) — 1 year concurrent.
CR93-76919 Larceny, 3rd degree 53a-123(a) — 1 year concurrent.
The total effective sentence was 14 years, suspended after 8 years with Probation for 4 years with a combined order of pretrial restitution and/or community service.
The sentence imposed was a court indicated sentence which the petitioner was aware of when she entered her pleas of guilty.
The State asked the court to impose the sentence it had indicated probable. Apparently, defense counsel felt at the time that the court indicated sentence was acceptable. He stated "I think that there's nothing in the pre-sentence report to differ from the originally indicated sentence. I ask the court to impose it." It appears that counsel did, however have the right to argue for less and thus there is a right to apply for review. State v. CT Page 10941 Anderson, 220 Conn. 400 (1991).
The Division undertakes the review of this sentence pursuant to the criteria set forth in Practice Book 942.
This petitioner was employed by the Combined Health Appeal in Bloomfield holding the position of Director of Finance. Over a three year period from 1990 to 1993, she embezzled more than $370,000.00. She avoided detection by making false entries in the corporate record and by destroying cancelled checks when they were returned. The money appears to have been spent on various things including clocks, jewelry, vacations, expensive household furnishings such as art work, and oriental rugs.
After she was arrested on the charges involving the Combined Health Appeal thefts she obtained a job at the Lucy Baltzell Dress Shop in West Hartford. There she brazenly created a fictitious in-house credit account and had some $4,600.00 worth of designer clothing, shoes and earring shipped to her residence.
The petitioner, in her remarks to the division, claims to be very ashamed of what she did. Her attorney now claims that the sentence was disproportionate and overly severe, especially in view of the order of partial restitution.
The attorney for the state argues that the sentence was not unduly severe and points out that the petitioner used an elaborate and sophisticated scheme to hide her thefts, that she made no restitution prior to sentencing and claims that she switched an expensive oriental rug and art work for cheap replacement items which she turned over to the victim. Also that her crime is exacerbated by the planned deliberate larceny she committed while out on bond.
Petitioner's counsel submitted what was claimed to be a representative list of similar cases where lesser sentences were imposed. The State's Attorney was familiar with one of the cases cited and countered that some portion of the monies lost in that case were recovered by a foreclosure of real estate owned by the defendants, so the reported loss was not accurate.
The point is that the "representative list" is not necessarily an exhaustive or comprehensive list, and the Division simply does not have sufficient information about those other offenses to make a valid comparison. CT Page 10942
In Connecticut, sentences are an individualized mosaic which take any number of relevant factors into account. The sentencing court has latitude in weighing those factors and making a determination of the appropriateness of its sentence, and the Division can take the court's discretionary parameters into account.
In this case the court articulated that the petitioner represented a threat to the public, a conclusion which was reasonable based on the magnitude of the theft and the continued criminal activity of the petitioner.
The stolen monies were spent largely for items of personal and lavish use, such as expensive clothes, jewelry, entertainment and the like. These were not crimes committed out of some claimed necessity, but were born of mere avarice, to the harm of less fortunate people who probably desperately needed the charity of the Combined Health Appeal contributions.
This Division can only modify a sentence utilizing the scope of review found in the language of 942 of the Practice Book. Reviewing this sentence in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was imposed, we conclude that this sentence (which was substantially less than the maximums being faced) was neither inappropriate nor disproportionate. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.