[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 21, 1993 Date of Application June 21, 1993 Date Application Filed July 15, 1993 Date of Decision November 23, 1993
Application for review of sentence imposed by the Superior Court, G.A. 18 at Bantam.
Docket Nos. CR91-73738; CR91-74772; CR92-77886; CR91-74885; CR91-74886; CR92-77887; CR92-77905.
Thomas J. Rooney, Esq., Defense Counsel, for Petitioner.
James Fletcher, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who is twenty-three years of age entered pleas of guilty to four counts of harassment (53a-183) and two counts of criminal trespass, 1st degree (53a-107). CT Page 10938
The factual basis for the harassment counts was a total of thirty-nine telephone calls at various hours of the day and night which were traced to the petitioner's telephone after a telephone trap was placed on the victims' telephone. These trapped calls were made between October 29, 1992 and November 8, 1992 but there were many more such calls prior to the trap being placed.
The factual basis for the criminal trespass counts involved the petitioner going onto private property after being told not to do so by the owner on October 8th and October 16th, 1992.
At the time of the foregoing incidents the petitioner was on probation in connection with sentences imposed on June 29, 1992 Those sentences, which were for convictions of breach of peace, larceny 5th degree and larceny 3rd degree, were suspended. They totalled an effective sentence of four years. She admitted that her convictions for the harassment and criminal trespass constituted a violation of her probation and, on June 21, 1993 was sentenced as follows:
Violation of Probation 4 years
Criminal trespass (2 counts). 1 year each count consecutive
Harassment (4 counts) 3 months each count concurrent
The total effective sentence imposed was six years, which was ordered suspended after four years with probation for five years.
This was a plea bargained sentence to the extent that it was understood the state would recommend a sentence to be suspended after four years, with the right to argue for less. Under this scenario the petitioner has the right to apply for a sentence review. State v. Anderson, 220 Conn. 400 (1991). Counsel for the petitioner claims that the four year term of incarceration is too severe for the charges of harassment and criminal trespassing, which of course overlooks the fact that she was placed on probation a mere three months before committing new crimes. The petition, in her remarks, stated that she did try to abide by the terms of probation.
It should be noted that the victims are fearful of the petitioner, that she had reportedly damaged the vehicle belonging to a friend of the victim and she reportedly even called the victim from the Niantic prison. CT Page 10939
When she was first placed on probation in June the petitioner failed to cooperate with a court ordered Family Preservation program. Even after being reinstated into the program in September 1992 she failed to follow through.
She also failed to keep outpatient mental health counseling appointments (missing eight of twelve scheduled). She was described as rude, volatile, and impulsive with people trying to provide her with counseling services.
The sentencing judge in these cases went to great lengths to provide counseling and treatment for the petitioner including the very unusual step of asking the Whiting Forensic institute to do an in-depth study of her. As the court stated, "We tried everything, DCYS tried everything. Others have tried everything." She not only failed to cooperate with any rehabilitative efforts but she committed new crimes which intimidated new victims.
The sentencing court could logically conclude that the petitioner was not amenable to the rehabilitative goals of probation supervision.
The sentences imposed, when afforded the scope of review outlined in the Connecticut Practice Book 942 are neither disproportionate nor inappropriate. The Division affirms them.
Purtill, Klaczak and Norko, J.s, participated in this decision.