[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two petitions for Writ of Habeas corpus were consolidated by agreement, both arising from the same claim on the same criminal trial plea.
The court, prior to trial, granted a motion to dismiss as to the second count. In the first count the petitioner alleges that because of the ineffectiveness of his criminal trial counsel, attorney Christopher James, he plead guilty to the charge of murder and received a sentence of thirty-eight (38) years. He testified that counsel had told him Judge Clifford on sentencing would give him between twenty-five (25) and thirty (30) years as a sentence which would result in his release in thirteen (13) to sixteen (16) years or so, but, that instead of having Judge Clifford impose the sentence it was imposed by Judge Arena whom the petitioner had heard was a more harsh sentencer. He also testified that if he felt he was going to get close to forty (40) years for a sentence, he would rather try to use the extreme emotional disturbance defense to which Dr. Selig was able to testify about, despite the contrary opinion of Dr. Grayson.
After reading portions of the transcript of his plea proceedings (Respondent's Exhibit A) the petitioner admitted that he knew Judge Arena was the one who participated in the plea bargain and had put the forty (40) year cap on the amount of a sentence the petitioner was expected to receive by way of his "guilty" plea. He also knew that Judge Arena rather than Judge Clifford intended to participate in the sentencing. Likewise the reading of this transcript reminded him that he was the one who made the decision to plead guilty and not proceed with a defense of extreme emotional disturbance. This transcript makes it clear to the reader that the petitioner was not answering questions perfunctorily, but engaged in dialogue with Judge Clifford on several occasions to make sure Judge Clifford knew what he was saying and that the petitioner understood what the judge was saying. Although he stated to Judge Clifford that he was pleading guilty because, "I do not want to cause anymore pain and grief for the O'Brien family", he had read Dr. Grayson's report which literally removed any factual basis for the opinion of Dr. Selig that the petitioner had a defense of extreme emotional disturbance. See Respondent's Exhibit D. His own statement to the police concerning the homicide, Respondent's CT Page 12165 Exhibit C, is sufficient to establish the intent for murder, and together with Dr. Grayson's testimony would warrant the trial judge to impose the heaviest of penalties for bludgeoning his claimed loved one while she slept.
A successful petitioner must show that there is reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139
(1995), Strickland v. Washington, 466 U.S. 668, 694. Unlike the defense attorney in Copas, Mr. James had obtained evidence of an extreme emotional disturbance defense. Unfortunately, for the petitioner, through no fault of his attorney, had that defense undermined by Dr. Grayson who was going to be called by the state. As Judge Arena said of Dr. Selig's opinion, "I don't believe it", the petitioner has failed to show that counsel's representation during the preparation for trial and during plea negotiation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 357. Certainly the factors which Judge Arena considered in imposing sentence such as the fact that the petitioner "has accepted his responsibility and has pled guilty" and "the family not to have to go through the emotional trauma of a trial," would not be available to the petitioner after trial.
The transcript of the sentencing proceedings does indicate that the clerk provided notice of sentence review to the petitioner. See Respondent's Exhibit B. Attorney James testified that his normal procedure with the sentence review form is to explain it to his client but does not fill it out or make a decision to file it, but after explanation sends it along with his client. He has no memory as to what he did in this case but has a picture in his mind of handing the form to the petitioner. The petitioner testified that he heard about it but did not receive the form or any explanation as to how to file it and relied on his attorney to instruct as to any such legal proceeding.
Since a "plea agreement" for the purpose of excluding sentence review under C.S. 51-195 requires that the defendant and the state's attorney agree to a recommendation of a specific term of years of incarceration, without a reservation by the defendant of the right to argue for a lesser sentence, the petitioner would be entitled to receive a sentence review form and file it within thirty (30) days of that date. State v. Anderson,220 Conn. 400, 407. In as much as the record here is inconclusive CT Page 12166 whether the petitioner received such form, this court must order that such form be provided for the petitioner so that he has the opportunity of filing it within thirty days of its receipt.
For the above reasons, the court grants the petitioner the relief requested for the opportunity to file for sentence review and denies the other requests for relief.
Corrigan, JTR