[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this second amended petition for a writ of habeas corpus alleging that his criminal trial attorneys, Raymond Quinn and Barbara Sorrentino, were ineffective in assisting him in that Quinn at the time of his plea (1) failed to properly investigate the claims against him; (2) failed to suppress reports, photos and identification improperly obtained; (3) failed to suppress petitioner's statements; and (4) failed to obtain a lesser sentence as represented to him; and in that Sorrentino at the time of his sentencing (1) failed to argue adequately the motion to withdraw his guilty plea; (2) failed to move for a continuance to properly prepare arguments for sentencing; and (3) failed to provide evidence in mitigation of sentence. In the third count he claims that the new sexual offender registration and notification act passed since his sentence violates his due process rights, being applied to him retroactively when had he known it would pass he would not have pleaded guilty. He was not advised of his right to appeal. In the fourth count he alleges that he was denied sentence review since his plea agreement allowed him to argue for less time.
The plea of the petitioner arose from an event on June 27, 1989 in which he was accused of committing sexual intercourse forcibly on a thirteen (13) year-old girl in Waterbury's Washington Park. The victim was able to identify the petitioner as a person she had previously known by name. See Petitioner'sExhibit 1.
Sorrentino testified that she took over this file from Quinn when he retired. The petitioner was being held in lieu of bond after plea and was awaiting sentencing. He had made a motion to withdraw his plea. See Petitioner's Exhibit 1. The court set a new sentencing date while it obtained a transcript of the plea proceedings. The court denied the motion and sentenced the petitioner on the new sentencing date. See Petitioner's Exhibit3. She knew the offer of the State was eighteen (18) years but Judge Lavery had recommended fifteen (15) years execution suspended after ten (10) years with five (5) years probation, with the right to argue for less. She did argue for less on the basis of his limited previous criminal record. No family members were present and the victim spoke. Sentence Review was not requested because case law had not made it available at the time. An appeal was made specifically on the issue of withdrawing the plea which appeal was denied. See Petitioner's Exhibit 4.
The petitioner testified that he went to the police when he heard they were looking for him and was arraigned the next day and could not make the $50,000 bond. He was appointed the service of Quinn with whom he never discussed defenses even though he told him what happened. A few months later he was offered eighteen (18) years and then the present plea bargain. He understood from Quinn that he would get lesser time if he would go along with the plea, a sentence between five (5) and eight (8) years. After plea he felt uneasy about the plea and decided to move to withdraw. He answered questions of the police but doesn't remember giving a statement. He has been asked to give a blood sample under Megan's Law and if he had known he would be subject to Megan's Law he would have gone to trial.
Quinn testified but had no independent recollection of the case even though he had reviewed the transcript.
Edgar Ramos, brother of the petitioner, testified that he knew of the conviction of his brother but was never contacted to come to court for his case.
 I.
The petitioner claims that each of his attorneys were ineffective in their assistance. A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139 (1995);Strickland v. Washington, 466 U.S. 668, 694.
As reported by the state's attorney, the victim was not only able to identify the petitioner by description but by name, having known and seen him before the incident. Her physical CT Page 14369 condition as described by the police was consistent with the bruising caused upon her even to the dirt still clinging to her clothes and body. Petitioner's Exhibit 1. The petitioner has offered no evidence which Quinn had or could have had to overcome the victim's version. The victim was prepared to testify in the case. Petitioner's Exhibit 3. This court found the petitioner to be an intelligent and clever adversary with an aggressive trait which belies his claim that he would not speak up before Judge Heiman to reveal a promise of a lesser sentence which he claimed. The plea canvas was thorough, indicating that Judge Lavery had stated the agreement which Quinn stated he had conveyed to the petitioner. The petitioner responded to Judge Heiman that he understood that agreement. Petitioner's Exhibit 1. This court finds that the petitioner lacked credibility. He failed to show that any other promises were made to him by Quinn than that discussed in the plea canvas.
Sorrentino had read the transcript of the petitioner's plea and knew that the petitioner wanted to withdraw his plea. She was also aware that Judge Heiman had continued the sentencing to October 6, 1989 from September 29, 1989 to review the transcript of the plea. Because of the untruthfulness the petitioner had displayed to the judge no "arguing for less" was going to be persuasive. An appeal although made was unsuccessful.
The petitioner has failed to prove how the result would be different. He also failed to prove counsels' representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 359.
 II.
The petitioner claims that he is and will be deprived of due process by the retroactive application of the Connecticut Sexual Offender Registration Act, Public Act 98-111. It is the contention of the petitioner that the requirements of the Act, particularly requiring him to give DNA samples and, upon his release from imprisonment, registering as a sexual offender which requirements post dated his plea and sentencing, deprive him of an intelligent, knowing and voluntary plea. He claims, because of these collateral consequences, the law retroactively applied is unjust and therefore should be considered inoperative as to him or in the alternative that he be allowed to withdraw his plea. There is a presumed legislative intent that any statute imposing new obligations shall apply prospectively only. The legislature CT Page 14370 only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply retrospectively. Schieffelin v. Department of Liquor Control,194 Conn. 165, 174; State v. Paradise, 189 Conn. 346, 353. The legislature has clearly and unequivocally expressed its intent that the Act shall apply retrospectively in Section 3(c).
In the early 90's, because of the increasing incidents of offenses by repeat sexual predators nationwide, particularly against minors, the federal government encouraged the state to enact registration laws in an attempt to curb the repeated incidents. Now all fifty states have such registration requirements (Megan's Law). Connecticut has very little case law interpretation of the constitutional issues involved so it is instructive to examine the law of other jurisdictions. In Pennsylvania where the law is well established and very similar to our own in Commonwealth v. Mountain, 711 A.2d 473, the court stated at 477-8 "The registration provisions of Megan's Law is a non punitive measure with only the very slightest inconvenience to the defendant and the overwhelming policy objective of assuring public safety." In Kansas, the court, in response to a claim of an ex parte facto violation, stated "it is a regulatory statute designed for the legitimate governmental goals of public safety and law enforcement assistance. State v. Myers,923 P.2d 1024, 1028 (1996). The court further stated "any stigma or inconvenience caused him (the defendant) is not due to the act of registration but the underlying conviction as a sexual offender. In Myers the court upheld the constitutionality of the statute as applied to the defendant as to registration even though his offense predated the enactment of the statute by several years.Id., 1044, cert. denied 521 U.S. 118 (1997).
This court finds that the provisions of P.A. 98-111 applies to the petitioner by both legislative intent and constitutional validity.
 III.
The petitioner claims he is entitled to Sentence Review under the provisions of General Statutes Section 51-195. However the Sentence Review Division at the time of his plea and sentencing, respectively August 7, 1989 and October 6, 1989, interpreted General Statutes Section 51-195 as excepting from its provisions the plea agreement such as the petitioner's. See Staples v.Palten, 214 Conn. 195 (1990) and State v. Anderson, 220 Conn. 400
CT Page 14371 (1991). Further, he has done nothing to perfect said claim for a period of five (5) years. The court finds that he therefore is not so entitled.
For the above reasons the court denies the petition.
Thomas H. Corrigan, Judge Trial Referee