TODD C. MORRISON *v.* COMMISSIONER OF
CORRECTION
(AC 18887)

O'Connell, C. J., and Landau and Hennessy, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued December 2, 1999—officially released March 28, 2000

*Todd A. Edgington,* assistant public defender, for the appellant (petitioner).

*Nancy L. Chupak,* deputy assistant state's attorney, with whom, on the brief, was *John T. Redway,* state's attorney, and *Russell C. Zentner,* assistant state's attorney, for the appellee (respondent).

*Opinion*

O'CONNELL, C. J. The petitioner, Todd C. Morrison, appeals from the dismissal of his habeas corpus petition. He claims that the habeas court improperly determined that (1) a writ of error is the proper route for review of a decision of the sentence review division of the Superior Court and (2) his plea was the result of a plea agreement. We affirm the judgment of the habeas court.

The following facts are relevant to the resolution of this appeal. In 1984, the petitioner entered a plea of guilty of murder in violation of General Statutes § 53a-54a and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), and was sentenced to a total effective term of fifty years in the custody of

the respondent commissioner of correction. The petitioner then filed an application for review with the sentence review division. Following a hearing, the sentence review division denied review of his sentence because it was the product of a plea agreement.[2] The petitioner filed a habeas corpus petition, which was dismissed. His petition for certification to appeal was granted by the habeas court and this appeal followed.

The petitioner first claims that it was improper for the habeas court to dismiss his petition because he did not file a writ of error from the sentence review division's decision. We agree with the habeas court.

A habeas court's findings of fact are reviewed under the clearly erroneous standard of review. *Mercer* v. *Commissioner of Correction,* 49 Conn. App. 819, 822–23, 717 A.2d 763, cert. denied, 247 Conn. 920, 722 A.2d 810 (1998). Questions of law, however, are subject to plenary review. *Johnson* v. *Commissioner of Correction,* 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). Because this claim involves a question of law, it is subject to plenary review by this court.

The relevant part of General Statutes § 51-196 provides: "The decision of the review division in each case shall be final . . . ." This provision has been interpreted to mean that a defendant is precluded from filing an appeal from a decision of the sentence review division. *State* v. *Nardini,* 187 Conn. 109, 117, 445 A.2d 304 (1982). "A decision by the [sentence review division] that a defendant is not entitled to the review procedure is a . . . non-appealable final judgment, [but] . . . is

[2] General Statutes § 51-195 allows a person sentenced to confinement for three years or more to file an application for review by the sentence review division, *except* where the sentence imposed resulted from the trial court's acceptance of a plea agreement.

reviewable under a writ of error."[3] C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 2.7 (b), p. 2-15.

The next question is whether a writ of habeas corpus may be substituted for a writ of error. Our Supreme Court discussed this issue in detail and concluded that the great preponderance of judicial authority holds that " '[t]he habeas corpus . . . cannot have the force and effect of a writ of error . . . nor is it designed as a substitute for [it].' " *In re Bion*, 59 Conn. 372, 391, 20 A. 662 (1890). This rule was more recently recognized in *Ralls* v. *Manson*, 375 F. Sup. 1271, 1282–83 (D. Conn.), rev'd on other grounds, 503 F.2d 491 (2d Cir. 1974).

Moreover, the decision we announce today is not inconsistent with *Staples* v. *Palten*, 214 Conn. 195, 571 A.2d 97 (1990), and *State* v. *Anderson*, 220 Conn. 400, 599 A.2d 738 (1991). In *Staples*, the petitioner raised the same issue that is presented in this case, but properly sought review via a writ of error, which was acted on by our Supreme Court. *Staples* v. *Palten*, supra, 195. The petitioner in *Anderson* also raised a plea agreement issue, but followed the appellate route through this court and then by way of certification to the Supreme Court. In *Anderson*, however, the petitioner was not seeking to overturn a decision of the sentence review division, but was appealing, in part, from the failure of the Superior Court to provide him with notice of his statutory right to sentence review.[4] *State* v. *Anderson*, supra, 403. Also inapposite are cases in which the petitioner sought habeas corpus relief from sentence review on the basis of ineffective assistance of counsel or the

[3] Practice Book § 72-1 (a) provides: "Writs of error for errors in matters of law only may be brought from a final judgment of the superior court to the supreme court."

[4] General Statutes § 51-195 provides in relevant part: "Upon imposition of sentence . . . the clerk shall give written notice to the person sentenced of his right [to file an application for sentence review]. . . ."

denial of the petitioner's right to counsel. See *James L.* v. *Commissioner of Correction,* 245 Conn. 132, 712 A.2d 947 (1998) (ineffective assistance of counsel); *Consiglio* v. *Warden,* 153 Conn. 673, 220 A.2d 269 (1966) (denial of right to counsel).

The petitioner's remedy is properly by writ of error. The habeas court was correct in dismissing the petition. In view of the foregoing, we do not reach the petitioner's second claim.

The judgment is affirmed.

In this opinion the other judges concurred.