JOAQUIN RODRIGUEZ *v.* COMMISSIONER OF
CORRECTION
(AC 18816)

Lavery, Schaller and Healey, Js.[1]

Argued March 2—officially released May 2, 2000

*Vicki H. Hutchinson,* for the appellant (petitioner).

*Toni M. Smith-Rosario,* deputy assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan,* state's attorney, and *George Ferko,* assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVERY, J. The petitioner, Joaquin Rodriguez, appeals from the habeas court's denial of his petition for a writ of habeas corpus. He claims that the habeas

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

court improperly determined that his trial counsel provided effective assistance. We affirm the judgment of the habeas court.

The following facts are relevant to the resolution of this appeal. In 1987, the petitioner was convicted, following a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70.[2] The petitioner fled the state prior to the rendering of the jury's verdict and was sentenced in absentia to a term of eighteen years incarceration.[3] In 1993, he was extradited to Connecticut and was sentenced to an additional term of two years for failure to appear in the first degree in violation of General Statutes § 53a-172.[4] The petitioner then was committed to the custody of the respondent, the commissioner of correction.

In 1997, the petitioner filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel. Following a hearing, the habeas court denied the petition, finding that the petitioner had not demonstrated that counsel was not reasonably competent or that any lack of competency by counsel contributed to the petitioner's conviction. The petitioner then filed a petition for certification to appeal, which was granted by the habeas court, and this appeal followed.

The petitioner's sole claim on appeal is that the habeas court improperly concluded that although counsel failed to provide the petitioner with an interpreter

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force . . . or by the threat of use of force against [another] person . . . which reasonably causes such person to fear physical injury . . . ."

[3] The petitioner's trial counsel filed an appeal challenging the imposition of the sentence in absentia, and this court dismissed that appeal.

[4] General Statutes § 53a-172 (a) provides in relevant part: "A person is guilty of failure to appear in the first degree when (1) while charged with the commission of a felony and while out on bail . . . he wilfully fails to appear when legally called . . . ."

throughout his trial, counsel nevertheless provided effective representation.[5] The petitioner claims that he needed the assistance of an interpreter to communicate with his counsel during the testimony of English speaking witnesses[6] so as to assist his counsel effectively to cross-examine those witnesses. Therefore, because trial counsel failed to provide an interpreter for the entire trial, the petitioner claims that he did not receive effective assistance of counsel as guaranteed by the sixth[7] and fourteenth[8] amendments to the United States constitution, and article first, § 8,[9] of the constitution of Connecticut. We agree with the habeas court.

A habeas court's findings of fact will not be disturbed unless they are clearly erroneous. *Morrison* v. *Commissioner of Correction*, 57 Conn. App. 145, 147, 747 A.2d 1058 (2000). Questions of law, however, including whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel, are subject to plenary review. Id.

To prevail on a claim of ineffective assistance of counsel, the petitioner must establish both that his trial counsel's performance was deficient and that there is a reasonable probability that, but for counsel's mis-

---

[5] The petitioner raised other issues at the habeas hearing regarding trial counsel's alleged failure to render adequate assistance, but he does not appeal from the dismissal of those claims.

[6] The petitioner, a native of Puerto Rico, is primarily Spanish speaking.

[7] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . and to have the assistance of counsel for his defense."

[8] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

[9] The constitution of Connecticut, article first, § 8, provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . to be confronted by the witnesses against him . . . ."

takes, the result of the trial would have been different. *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992); *Birch* v. *Commissioner of Correction*, 57 Conn. App. 383, 384, 749 A.2d 648 (2000). To satisfy the first prong of the *Strickland* test, the petitioner must show that the representation fell below an objective standard of reasonableness, considering all of the circumstances. *Strickland* v. *Washington*, supra, 687–88. Our Supreme Court has interpreted this to mean that trial counsel made errors so serious that he or she was not functioning as counsel guaranteed by the constitution. *Bunkley* v. *Commissioner of Correction*, supra, 455. To satisfy the second prong of the test set forth in *Strickland,* the petitioner must prove actual prejudice, namely, that trial counsel's mistakes deprived him of a fair hearing and that but for counsel's mistakes, the result of the hearing would have been different. *Strickland* v. *Washington*, supra, 694. Accordingly, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691.

Our Supreme Court has held that continuous translations are required at trial "when a non-English speaking defendant cannot understand or appreciate the proceedings." (Internal quotation marks omitted.) *State* v. *Munoz*, 233 Conn. 106, 132, 659 A.2d 683 (1995). Elaborating on this principle, the court has stated that "under appropriate circumstances, a [non-English speaking] defendant's [constitutional rights] . . . may be violated if he is not provided with [an] . . . interpreter . . . [for] the testimony of English speaking witnesses and interpreting between him and his English speaking counsel during the testimony of all witnesses . . . ." Id., 133. The court has cautioned, however, that "[a] critical factual underpinning of these constitutional

requirements . . . is that the defendant has so limited an understanding or ability to speak English that his ability to comprehend the proceedings and to communicate with his counsel is significantly impaired," adding that "the basic constitutional inquiry is whether [the failure to provide an interpreter throughout the entire trial] made the trial fundamentally unfair . . . and the failure to provide continuous, word-for-word translation will require a new trial only upon such a showing of fundamental unfairness." (Citations omitted; internal quotation marks omitted.) Id., 133–34.

Applying this standard to the facts as found by the habeas court, we are persuaded that the failure to provide the petitioner with an interpreter during the entirety of the trial did not deprive him of any constitutional rights. The record indicates that the petitioner adequately understood and could communicate adequately in English. Although English was his second language, he indicated that he understood the nature of the witnesses' testimony.

The petitioner points to isolated portions of the trial court transcript in support of his claim that he was unable to understand English and that as a result, he was unable to comprehend what transpired during the trial, including the testimony of the state's witnesses, and was unable, therefore, to assist his counsel with his defense. The habeas court, however, found that the trial court transcript, taken as a whole, reflects that the petitioner had a command of English sufficient to enable him to understand the testimony rendered against him and to assist his counsel in preparing to cross-examine those witnesses.

Prior to presenting the petitioner's defense, trial counsel brought to the attention of the trial court that an interpreter might be necessary to assist the petitioner

with his testimony.[10] After the trial court was so informed, it questioned the petitioner directly to confirm that he had understood the testimony of the state's witnesses and that he was able to assist his counsel with his defense. The following colloquy occurred:

"The Court: Are you telling us you don't understand these proceedings?

"[The Petitioner]: No.

"The Court: You do not understand the testimony of the officers?

"[The Petitioner]: Some of the things, but I don't know the big words that people use. . . .

"[Sheriff]: He's saying he doesn't understand the big words.

"The Court: The scientific words. Well, did you understand [the victim's] testimony?

"[The Petitioner]: Yeah, I understand. . . .

"The Court: Did you understand [the victim's sister's] testimony?

"[The Petitioner]: Yeah.

"The Court: Did you understand [the victim's brother-in-law's] testimony?

"[The Petitioner]: Yeah.

"The Court: Did you understand Officer Tardif's testimony? . . .

"[The Petitioner]: Yeah. . . .

"[Defense Counsel]: I think [he has] understood all of the testimony."

---

[10] The petitioner's trial counsel requested the interpreter only to assist the petitioner in better expressing himself to the jury, not because the petitioner could not comprehend English.

Following a recess, the trial court continued its inquiry into whether the petitioner understood the testimony of the witnesses and was able to assist his counsel with his defense:

"The Court: [I]t's my understanding there was some conversation . . . [by the petitioner's trial counsel with the petitioner] as to whether or not he understood the proceedings and comprehended what they were up until this point in time, and the indication I received was that he did understand them and was fully aware and cognizant of all that transpired here in the courtroom. Is that correct . . . ?

"[The Petitioner]: Yes, yes.

"The Court: And that one of the problems that he did have is, when we were talking about the deposition of Sergeant Fuller, he didn't fully understand what a deposition was? . . .

"The Court: Is that correct . . . ?

"[The Petitioner]: Yes. . . .

"The Court: [Y]ou indicated to me that although you understand very well, you're not able to express yourself as well . . . and that's one of the reasons you're using the interpreter during the defense portion of this trial . . . . Is that correct?

"[The Petitioner]: Yes.

"The Court: [B]ut you've had no problem up to this point with the testimony that has been presented, maybe a couple of the technical terms of the doctors, such as acid phosphatase. You might have had a problem with that type of word, but that's a . . . scientific term and probably all of us would have a little problem, is that correct?

"[The Petitioner]: Correct.

"The Court: All right, but, you understood what the doctors were testifying to?

"[The Petitioner]: Well, yeah, I understand, sir.

"The Court: And you understood what the police officers and [the victim] testified to?

"[The Petitioner]: Yeah.

"The Court: And her sister and brother-in-law?

"[The Petitioner]: Yes. . . .

\* \* \*

"The Court: You haven't had any problem understanding what I've said to you this morning, have you?

"[The Petitioner]: No, sir."

Following this questioning, which took place over the course of two days of trial, the trial court was satisfied that the petitioner adequately could understand English and that the petitioner's lack of comprehension was confined to "big" or highly technical terms, which, the trial court concluded, would not be understood by the majority of English speaking laypersons. The habeas court reached a similar conclusion on the basis of its review of the relevant portions of the transcript quoted previously.

At the habeas hearing, there was further evidence regarding the petitioner's bilingual ability. The petitioner's trial counsel testified that during the course of his representation, he was able to communicate with the petitioner in English and that the petitioner was able to respond in English. Counsel also testified that during the trial, he and the petitioner were able to discuss the witnesses' testimony to prepare for cross-examination and that he did not have to tell the petitioner what the witnesses said to discuss with him their testimony.

On the basis of this evidence, the habeas court concluded that "the absence of an interpreter at trial did not render the trial fundamentally unfair because, as indicated by the [relevant] portions of the trial transcript . . . the petitioner was able to adequately understand English and could adequately communicate in English. . . . [I]t is apparent that he understood the substance of the testimony and was able to comprehend the proceedings of the trial. . . . [H]is ability to comprehend the proceedings and to communicate with his counsel was [not] significantly impaired. Therefore, even if the petitioner possessed some inadequacy in the comprehension and interpretation of the more complicated words of the testimony and proceedings, this inadequacy did not render the trial fundamentally unfair . . . ."

On the basis of our review of the record, we cannot say that the habeas court's findings of fact were clearly erroneous. That court's denial of the amended petition for a writ of habeas corpus was based properly on a review of the petitioner's claim and the finding that he did not demonstrate that he needed an interpreter throughout the trial or that the absence of an interpreter affected its outcome. Because we conclude that the habeas court's findings of fact were not clearly erroneous and that its decision resulted from a correct application of the law to the facts, we hold that the habeas court correctly found that the petitioner had failed to carry the burden of proof required to establish that his trial counsel provided ineffective assistance.

The judgment is affirmed.

In this opinion the other judges concurred.