[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION I
This is a habeas matter. The petitioner, Albert Aponte, was the defendant in a criminal matter entitled State v. Albert Aponte, Docket Number CR 95-106982, in the Judicial District of Fairfield at Bridgeport. Initially charged with murder in connection with the death of Cesar Vidal, the petitioner pleaded guilty, pursuant to the "Alford" doctrine,[1] to one count of manslaughter in the first degree, in violation of General Statutes, § 53a-55 (a) and one count of carrying a pistol without a permit, in violation of General Statutes, §§ 29-35
(a) and 29-37. The petitioner entered his pleas on or about May 2, 1996 and on June 7, 1996 was sentenced to a term of twenty years on the manslaughter charge and five years on the weapons charge, to run concurrently, for a total effective sentence of twenty years.
The petitioner claims illegal confinement in that his pleas of guilty were not knowingly or voluntarily entered into by reason of ineffective assistance of counsel in violation of his rights under the fifth, sixth and fourteenth amendments to the Constitution of the United States and CT Page 14330 article first, §§ eight and nine of the constitution of the State of Connecticut.
A hearing on the petitioner's Second Amended Petition was held on August 30, 2001. This petition is in two counts, the first claiming ineffective assistance of counsel and the second claiming actual innocence. The second count was not pursued at the time of hearing and is deemed abandoned.
 II
Following his arrest in the above-cited criminal matter, the petitioner was represented by a special public defender, Timothy Aspinwall. The petitioner's pleas were pursuant to an agreement under which the petitioner would plead guilty to the substituted charges of manslaughter and carrying a pistol without a permit, and the state would recommend a total effective sentence of twenty years, with the petitioner retaining the right to argue for a lesser penalty. It was also agreed that any outstanding violation of probation charges would not result in additional time for the petitioner to serve.
The petitioner claims that trial counsel's representation was ineffective in that counsel, in advising the petitioner to accept the plea offer, represented that the petitioner would only serve a term of eight years' incarceration; that counsel failed to investigate adequately the petitioner's mental health and ability to comprehend the nature of the proceedings at the plea hearing; that at the time of plea the petitioner was medicated so that he could not "fully and voluntarily" understand the consequences of entering guilty pleas; that at the time of sentencing, trial counsel failed to present mitigation evidence when there was a right to argue for a lesser penalty; that counsel failed to preserve the petitioner's right to sentence review.
 III
A habeas petitioner claiming deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that but for the deficient performance of counsel the result of the proceeding would have been different, Strickland v. Washington, 406 U.S. 668, 687-94,104 S.Ct. 2052, 80 L.Ed.2d 674 (1980). A criminal defendant, moreover, is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686. CT Page 14331
Pretrial negotiation implicating the decision of whether to plead guilty is a critical stage in criminal proceedings, Colson v. Smith,438 F.2d 1075, 1078 (5th circuit, 1971). In Hill v. Lockhart, 474 U.S. 52,57-8, the United States Supreme Court determined that the Strickland test applied to claims arising from the plea negotiation process, while modifying the "prejudice" prong as applied to pleas. Under Hill, the defendant is required to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". Id., at 59 A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, State v. Silva, 65 Conn. App. 234,256 (citations, quotation marks omitted). A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice, Nardini v. Manson, 207 Conn. 118, 124.
 IV
The petitioner claims he agreed to the plea agreement only after his attorney assured him he would serve only eight years. In his testimony at the habeas hearing, the petitioner testified: "Mr. Aspinwall told me I was going to get 20 years suspended — 25 years suspended after 20 with argument for less. He told me that I'm going to get 8 years." "My co-defendant got twenty years suspended after 15, that was my knowledge, he told me about it. My attorney told me I'm going to get 8 years because I was not the murderer. I was just there." (Habeas Transcript, August 30, 2001, pp. 33, 34). In his testimony, trial counsel adamantly denied so stating. The court finds trial counsel's testimony credible. There is nothing in the record to support the petitioner's claim that he was told by counsel he would serve only eight years. At the sentencing hearing, trial counsel stated, inter alia, "Mr. Aponte is under some misapprehension that Mr. Siminetti [sic] received 8 years. I understand he did receive a sentence from Judge Ford of 20 years after conferring with Judge Ford." (Transcript, June 7, 1996, p. 9, Plaintiff's Exhibit 2). In fact, the petitioner's co-defendant, Lester Simonetty, received a sentence of twenty years, suspended after fifteen years, with five years probation after pleading to a single count of manslaughter in the first degree. (Plaintiff's Exhibit 3). Counsel's misstatement cannot be construed as conveying to the petitioner that he would serve no more than eight years' incarceration. There is nothing in the record to suggest that there ever was any agreement that the petitioner's sentence would be contingent on his co-defendant's sentence. The petitioner has failed to establish, by a fair preponderance of the evidence, that trial counsel told him that he would serve no more than eight years' incarceration. CT Page 14332
The petitioner claims that due to his mental condition and mental limitations his plea was not voluntary and knowing, and that trial counsel's representation was ineffective in that counsel failed to investigate the petitioner's mental health and ability to comprehend and understand the nature of the proceedings.
At the habeas hearing, the petitioner testified he was born on May 31, 1967; that he had left school in Puerto Rico after the eighth grade; he could speak and understand English but could not read or write English; that he suffered a self-inflicted gunshot wound to the head in 1991; that during his incarceration prior to plea and sentencing he received treatment for depression and from the time of his arrest he was periodically prescribed various medications.
As to the petitioner's mental limitations, trial counsel, an experienced criminal defense attorney, testified that he had considered his client "of slow intellect," but "I certainly thought he was competent"; had he thought otherwise counsel would have sought a competency hearing for his client. The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, that his pleas were rendered unknowing and involuntary, by reason of his mental limitations.
At the habeas hearing, trial counsel testified that at the time of plea and sentencing he was unaware his client had mental health problems (Habeas Transcript, p. 20) and was unaware his client was receiving medical treatment within the correctional department (Habeas Transcript, p. 16). The petitioner testified that he had told trial counsel he was receiving medication for mental health problems. (Habeas Transcript, p. 31). At the habeas hearing no expert testimony was offered concerning the petitioner's mental health at the time of plea and sentencing and no expert testimony as to the effect his mental condition (depression) would have had on his ability to comprehend the proceedings at the plea or sentencing hearing. The Court finds that the petitioner has failed to establish that his pleas were rendered involuntary and unknowing by reason of mental illness. The Court finds that the petitioner has failed to establish a reasonable probability that the result of his sentencing would have been different had his trial counsel informed the sentencing court that his client was receiving treatment for depression.
Buttressing trial counsel's assessment of his client's ability to comprehend the nature of the proceedings is the petitioner's conduct at the time of plea. (May 2, 1996 Transcript, Plaintiff's Exhibit 1). In the course of an extensive plea canvass, the petitioner answered numerous questions. The petitioner's answers were logical and coherent and evidenced neither confusion nor lack of comprehension. The Court finds CT Page 14333 that the petitioner has failed to establish, by a fair preponderance of the evidence, that his pleas were rendered involuntary or unknowing by reason of mental health problems or mental limitations. The Court finds that counsel's failure at the time of plea or of sentencing to raise the issue of his client's mental health problems caused no prejudice to the petitioner.
 V
The petitioner also claims that his pleas were rendered involuntary and unknowing in that he was medicated so that he could not fully understand the consequences when he entered his guilty pleas. The record reflects that periodically, between May, 1995 and June, 1996, the petitioner was prescribed various medications, including Mellaril, Benadryl, Pamelor, Vistaril and Doxephin. (Plaintiff's Exhibit 4). At the habeas hearing, the petitioner testified that he had told counsel that he was receiving medication for mental health problems (Habeas Transcript, p. 31). The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, that his pleas were rendered involuntary and unknowing in that he was medicated so that he could not fully understand the consequences when he entered his guilty pleas. As indicated, supra, the petitioner's responses in the course of the plea canvass were rational and coherent. Further, there was no expert testimony offered as to the effects of the various medications on a patient or on this patient, the petitioner. The petitioner failed to establish which, if any, medication he had taken at or about the time of plea. When asked by the trial court, "Are you presently under any kind of medications? You taking any medicines?", the petitioner answered; "No, none." (Plaintiff's Exhibit 1, p. 7). Further, the petitioner's clinical record (Plaintiff's Exhibit 5) indicates that the petitioner on occasion declined to take the medication prescribed. The court finds no reason to conclude that the petitioner's response to the plea judge's inquiry cited above — "No, none" — was untrue.
 VI
The petitioner claims trial counsel was ineffective in that counsel failed to present mitigating evidence, specifically with reference to the petitioner's mental health history, at the time of sentencing, when there was a right to argue for less time. In fact, trial counsel did argue for mitigation. Counsel argued his client had cooperated with local authorities on two separate cases. Counsel pointed out that his client was having "tremendous problems" in prison, suggesting that this was due to the petitioner's cooperation with the authorities. Counsel stressed his client's mental limitations, asserting that the petitioner, "as reflected in the last page of the PSI," was "of limited intellect," "very CT Page 14334 slow." "I imagine that [his intellectual level] has some effect on the way he processes thoughts or actions . . ." (Plaintiff's Exhibit 2, pp. 10-11). To meet the standard of effective representation, trial counsel is not required to make every conceivable argument as to mitigation. Counsel is entitled to focus on those arguments he judges to be most effective. The court finds that trial counsel's performance with regard to mitigation met the minimum standard for effective representation. Moreover, the petitioner has failed to show a reasonable probability that introduction of evidence regarding his mental health problems or treatment would have resulted in a lesser sentence.
 VII
The petitioner claims that he was denied his right to sentence review by reason of ineffective assistance of counsel. The court agrees. At the habeas hearing, the petitioner was asked, "Do you know whether or not Attorney Aspinwall filed for sentence review on your behalf?" The petitioner answered, "I don't think so." (Habeas Transcript, p. 38). At that hearing, when asked, "Did you file a sentence review application on [petitioner's] behalf?", trial counsel replied, "Did I? No." (Habeas Transcript, p. 19). A petitioner has the constitutional right to the effective assistance of counsel with respect to access to sentence review, James L. v. Commissioner of Correction, 245 Conn. 132, 144. Because the petitioner's agreement included the right to argue for a lesser sentence, he was not excluded from applying for sentence review,State v. Anderson, 220 Conn. 400, 407. A review of the transcript of the June 7, 1996 sentencing hearing reveals no compliance with the notice provision of General Statutes, § 51-195. Accordingly, this court concludes that, "The petitioner's counsel failed to engage him in a meaningful discussion of whether to apply for sentence review. Counsel also failed to file the application for sentence review within the statutory time period," James L. v. Commissioner of Correction,245 Conn. 132, 145. The Court finds the petitioner has established, by a fair preponderance of the evidence, that his trial counsel rendered ineffective assistance with regard to the petitioner's right to sentence review and has established prejudice by reason of denial of access to the process, James L. v. Commissioner of Correction, supra, at 145.
Pursuant to General Statutes, § 52-470, the Court is empowered to dispose of a habeas case "as law and justice require." In doing so, the court should fashion a remedy commensurate with the violation established, Gaines v. Manson, 194 Conn. 510, 529. The court concludes the appropriate remedy in the circumstances of this case is restoration of the petitioner's right to sentence review and will so order. James L.v. Commissioner of Correction, supra, at 148. CT Page 14335
 VIII
The court finds that the petitioner has, by a fair preponderance of the evidence, established his claim that he was denied effective assistance of counsel by reason of the failure of said counsel to advise him of his right to sentence review. Accordingly, judgment may enter in favor of the petitioner and the petitioner's right to apply for sentence review is restored. The prisoner is afforded thirty days from the date of this decision to apply for sentence review. All other claims of the petitioner are dismissed.
By the Court,
Downey, J.T.R.