STATE OF CONNECTICUT *v.* LUIS ROSARIO
(AC 23928)

Foti, Bishop and West, Js.

Argued January 9—officially released March 16, 2004

*Joseph G. Walsh,* for the appellant (defendant).

*Michele C. Lukban,* assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Corrine L. Klatt,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Luis Rosario, appeals from the sentence review division's denial of his motion

___

to reargue and request to reconsider his application for sentence review. We dismiss this appeal as being outside the jurisdiction of this court.

The following facts and procedural history are relevant to our decision. On January 23, 2000, a pedestrian was struck and killed by a vehicle that was driven from the scene without stopping. Approximately twenty minutes after the accident, the defendant turned himself in to the police and admitted that he was the driver of the vehicle. The defendant was charged with manslaughter in the second degree with a motor vehicle in violation of General Statutes § 53a-56b, manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1) and evasion of responsibility in the operation of a motor vehicle in violation of General Statutes § 14-224 (a). The defendant was convicted of evasion of responsibility in the operation of a motor vehicle and sentenced to ten years incarceration, execution suspended after eight years, and five years probation. Thereafter, the defendant filed an application for sentence review, which was heard by a three judge panel. The panel affirmed the defendant's sentence. The defendant then filed a motion to reargue and request to reconsider his application for sentence review. Two members of the original three judge panel denied his motion. The defendant filed a motion requesting the panel to articulate its reasons for denying his motion for sentence review. That motion also was denied. He then appealed to this court, claiming that the sentence review division improperly refused to entertain his motion to reargue and request to reconsider.[1]

General Statutes § 51-196 provides in relevant part: "The decision of the review division in each case shall

---

[1] On appeal, the defendant also claims that it was improper for only two of the original three judges to decide his motion to reargue and his request to reconsider his appeal. Because we do not have jurisdiction over this appeal, we do not address that issue.

be final . . . ." Our Supreme Court has interpreted that provision to mean that "neither the state nor the defendant may appeal from the decision of the sentence review division . . . ." (Citation omitted.) *State* v. *Nardini*, 187 Conn. 109, 117, 445 A.2d 304 (1982). "A decision by the [sentence review division] that a defendant is not entitled to the review procedure is a . . . non-appealable final judgment, [but] . . . is reviewable under a writ of error." (Internal quotation marks omitted.) *Morrison* v. *Commissioner of Correction*, 57 Conn. App. 145, 147–48, 747 A.2d 1058, cert. denied, 253 Conn. 920, 755 A.2d 215 (2000).[2]

The appeal is dismissed.

---

[2] We discern no merit to the defendant's claim that his appeal was filed from the denial of his motion, rather than from the decision of the sentence review division affirming his sentence. An adverse ruling may be reversed only by way of a writ of error.

