[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 11, 1995, the plaintiff, Erick Friedman, filed a seven count complaint against the defendant, Barbara Pusch, alleging, CT Page 1629 inter alia, claims for breach of contract and legal malpractice. The plaintiff alleges the following facts in her complaint
The plaintiff is a Connecticut citizen and the defendant is a Texas citizen The defendant is a lawyer licensed to practice law in Texas. On or about May 6, 1994, the plaintiff and defendant entered into a written contract whereby the defendant agreed to represent the plaintiff in a civil appeal in a Texas based lawsuit. The agreement stated that the defendant would appeal the plaintiff's case to the Texas Court of Appeals and, if necessary to the Texas Supreme Court. The defendant agreed to represent the plaintiff for $15,000 The contract provided that the plaintiff would send the $15,000 to the defendant prior to the start of the appeal. The plaintiff sent the money to the defendant pursuant to the agreement.
During August of 1994, the defendant contacted the plaintiff and explained that she was withdrawing from the practice of law and that she could no longer represent the plaintiff in his Texas appeal. The defendant explained to the plaintiff that her work to date had consumed approximately one-third of the $15,000 paid to her by the plaintiff addition the defendant explained that she would return the remaining $10,000 to the plaintiff. The defendant has not returned any of the money to this date.
On June 21, 1995, the plaintiff filed a motion for default for failure to appear against the defendant. The clerk granted the motion that same day. On September 25 1995, the defendant's attorney entered an appearance on behalf of the defendant. On October 2, 1995, the defendant filed a motion to open the default order. The court granted this motion on October 16, 1995. On October 18, 1995, the defendant filed a motion to strike the case from the hearing in damages list. The case was taken off of the list on October 26, 1995. The defendant then filed a motion to dismiss the case for lack of personal jurisdiction on November 1, 1995. In addition, the defendant filed a memorandum in support of her motion to dismiss.
On November 28, 1995, the plaintiff filed a memorandum in opposition to the defendant s motion to dismiss. On December 15, 1995, the defendant filed a memorandum in response to the plaintiff's opposition.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court" Zizka v. WaterCT Page 1630Pollution Control Authority, 195 Conn. 682, 687 (1985). "A defendant may contest the personal jurisdiction of the court `even after having entered a general appearance but must do so by filing a motion to dismiss within thirty days of the filing of an appearance.'" Brunswick v. Inland Wetlands Commission, 222 Conn. 541,551 (1992), quoting Practice Book § 142. Practice Book § 144 provides in relevant part: "Any claim of lack of jurisdiction over the person is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 142."
The plaintiff argues in opposition that the defendant has waived any claim for lack of personal jurisdiction because the defendant did not file her motion to dismiss within thirty days of filing her appearance. The defendant argues that she timely filed her motion to dismiss; that after filing her appearance on September 25, 1995, she had to file a motion to open the default order and then move to strike the case from the hearing in damages list. The court did not open the default until October 16, 1995. According to the defendant, she could not file her motion to dismiss until the court opened the default Therefore, the defendant argues that the default tolled the thirty day time limit in which she had to file her motion to dismiss.
Practice Book § 352(a) provides in relevant part "If no appearance has been entered for any party to any action on or before the second day following the return day any other party to the action may make a motion that . . . default be entered for failure to appear." "If the defaulted party files an appearance in the action prior to the entry of judgment after default, the default shall automatically be set aside by the clerk." Practice Book § 352(c).
On June 21, 1995, the court granted the plaintiff's motion for default for failure to appear. On September 25, 1995, prior to the entry of judgment, the defendant filed an appearance in the matter. According to Practice Book § 352(c), because the defendant filed an appearance prior to the entry of judgment after default the default is automatically set aside by the clerk. Accordingly the defendant did not have to file a motion to open the default.[1] Although the court granted the defendant's motion to open on October 16, 1995, the filing and granting of this motion was a nullity since the defendant's appearance opened the default. Therefore, the defendant could have filed her motion to dismiss immediately after filing her appearance. SeeErwin v. Farruggio Express, Superior Court, judicial CT Page 1631 district of Hartford — New Britain at Hartford Docket No. 502725 (November 18, 1992, Wagner, J.) (holding that the court could hear a motion to strike filed by a party in default for failure to appear with that party's appearance, since the default was automatically set aside by the clerk by the filing of the appearance.)
Because the defendant did not file her motion to dismiss until November 1, 1995, thirty-seven days after filing her appearance, the defendant failed to file her motion to dismiss for lack of personal jurisdiction within the thirty day time limit set forth in Practice Book § 142. Therefore, the defendant waived her claim for lack of personal jurisdiction, and the court denies the defendant's motion to dismiss.
Samuel S. Freedman, Judge