### TODD C. MORRISON *v.* HONORABLE THOMAS F. PARKER
### (SC 16728)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued May 24—officially released August 27, 2002

*Todd C. Morrison,* pro se, the appellant (plaintiff).

*Eliot D. Prescott,* assistant attorney general, with whom was *Jane R. Rosenberg,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

ZARELLA, J. The sole issue in this appeal is whether a trial court has discretion under General Statutes § 52-

275[1] and Practice Book § 72-3[2] to refuse to allow an untimely writ of error that has been presented for signature. We conclude that the act of allowing and signing a writ of error is purely ministerial and, therefore, a trial court is without discretion to refuse to allow a writ of error for lack of timeliness. We therefore reverse the decision of the trial court.

The following facts and procedural history are relevant to this appeal. In 1984, the plaintiff, Todd C. Morrison, pleaded guilty to one count of murder in violation of General Statutes § 53a-54a (a) and one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), and was sentenced to a total effective term of fifty years imprisonment. Pursuant to General Statutes § 51-195,[3] the plaintiff timely filed an application for review of his sentence with the sentence review division of the Superior Court. In June, 1985, the sentence review division denied the plaintiff's application after determining that the plaintiff's sentence

---

[1] General Statutes § 52-275 provides: "All writs of error shall be allowed and signed by a judge of the Superior Court or by the clerk of the court; and the authority signing any such writ shall, before its issue, take good and sufficient bond with surety that the plaintiff in error shall prosecute his suit to effect, and answer all damages if he fails to make his plea good."

[2] Practice Book § 72-3 provides in relevant part: "(a) Upon payment in the trial court of the filing fee, the writ [of error], if in proper form and if presented for signature within two weeks after the rendition of the judgment or decree complained of, shall be allowed and signed by a judge or clerk of the court in which the judgment or decree was rendered. . . ."

[3] General Statutes § 51-195 provides in relevant part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed . . . except in any case in which a different sentence could not have been imposed or in any case in which the sentence of commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. . . ."

was the product of a plea agreement. See General Statutes § 51-195. Thereafter, in 1995, the plaintiff filed an amended petition for a writ of habeas corpus in which he sought the restoration of his right to sentence review. The habeas court denied the petition, concluding, inter alia, that a writ of error was the proper vehicle for appealing from a decision of the sentence review division. Upon the granting of certification, the plaintiff appealed to the Appellate Court from the judgment of the habeas court denying his petition. In March, 2000, the Appellate Court agreed with the conclusion of the habeas court and affirmed its judgment denying the plaintiff's habeas petition. *Morrison* v. *Commissioner of Correction*, 57 Conn. App. 145, 149, 747 A.2d 1058 (2000). In June, 2000, we denied the plaintiff's petition for certification to appeal from the judgment of the Appellate Court. *Morrison* v. *Commissioner of Correction*, 253 Conn. 920, 755 A.2d 215 (2000). Thereafter, in September, 2000, the plaintiff presented a writ of error to the trial court, *Parker, J.*, in which the plaintiff challenged the 1985 decision of the sentence review division. The trial court declined to allow and to sign the plaintiff's writ. Thereafter, the plaintiff appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On appeal, the plaintiff claims that § 52-275 requires the trial court to perform a ministerial act, and, therefore, that the trial court is without discretion to refuse to allow and to sign a writ of error on the ground of untimeliness. Whether the trial court has discretion under the statute is an issue of statutory interpretation. "Statutory construction . . . presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Tighe* v. *Berlin*, 259 Conn. 83, 89, 788 A.2d 40 (2002).

Because our resolution of the issue in the present appeal is aided by our decision in *Banks* v. *Thomas*, 241 Conn. 569, 698 A.2d 268 (1997), we review that decision before addressing the merits of the plaintiff's claim. In *Banks*, the trial court allowed and signed a writ of error filed by the plaintiff in error, Duane Banks, challenging the trial court's judgment holding Banks in criminal contempt. Id., 570. While the writ was pending before this court, the state moved to dismiss the writ on the ground "that the two week limitation period set forth in [General Statutes] § 52-273[4] [and Practice Book, 1978–97, § 4144[5] (now Practice Book § 72-3)] is mandatory and, consequently, that we lack[ed] subject matter jurisdiction to entertain [Banks'] writ of error because it was not filed within that time period." *Banks* v. *Thomas*, supra, 581. We held "that [Banks'] failure to file the writ of error within the prescribed time period [did] not require dismissal of the writ." Id., 581–82. In so holding, "we conclud[ed] that noncompliance with the

---

[4] General Statutes § 52-273 provides: "No writ of error may be brought in any civil or criminal proceeding, unless allowed and signed within two weeks after the rendition of the judgment or decree complained of. No writ of error may be brought in any civil or criminal proceeding for the correction of any error which might have been reviewed by process of appeal."

[5] In December, 1995, when the trial court in *Banks* rendered judgment holding Banks in criminal contempt; see *Banks* v. *Thomas*, supra, 241 Conn. 579; Practice Book, 1978–97, § 4144 provided in relevant part: "The procedure for filing, prosecuting and defending a writ of error shall be in accordance with the rules for appeals except that:

"(a) Upon payment in the trial court of the necessary fees and filing of the necessary security for costs, the writ, if in proper form, must be allowed and signed by a judge or clerk of the court in which the judgment or decree was rendered, within two weeks after the rendition of the judgment or decree . . . ."

The foregoing version of Practice Book, 1978–97, § 4144 was amended, effective September 3, 1996, and later renumbered as part of the Practice Book revision of 1998. The 1996 amendments were "intended to clarify and amplify the procedure applicable to a writ of error." Revised Rules of Appellate Procedure Effective September 3, 1996, Conn. L.J., Vol. 57, No. 47, p. 66E (May 21, 1996) (commentary to revision of § 4144).

For the relevant text of Practice Book § 72-3, which formerly was Practice Book, 1978–97, § 4144, see footnote 2 of this opinion.

two week limitation period . . . does not deprive this court of subject matter jurisdiction over a writ of error." Id., 586; accord *B & B Bail Bonds Agency of Connecticut, Inc.* v. *Bailey*, 256 Conn. 209, 211–12 n.5, 770 A.2d 960 (2001); see also *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 147, 712 A.2d 947 (1998) (failure to file writ of error within two week time frame established by § 52-273 does not require dismissal of writ for want of subject matter jurisdiction); *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 698, 699 A.2d 1003 (1997) (same).

"A number of factors compelled our decision in *Banks*. First, we noted that § 52-273 contains no language expressly invalidating a writ of error not filed within two weeks from the rendition of the judgment or decree. [*Banks* v. *Thomas*, supra, 241 Conn. 583]. Second, we observed that the legislative history of § 52-273 contains no indication that the legislature intended to deprive [appellate courts] of the authority to entertain an untimely writ of error; id.; such that noncompliance with [the] filing period would serve as a complete and automatic bar to appellate review of the writ. Id., 584. Third, we recognized that such a result would constitute a dramatic departure from the jurisdictional authority for the writ of error historically vested under the common law. Id., 585. Finally, we considered the harsh result that would ensue if the statute were interpreted as embodying a jurisdictional requirement. To interpret the statute as creating a jurisdictional bar to an untimely filed writ of error would have left [Banks] without any recourse to appellate review to challenge the trial court's summary criminal contempt finding against him and its imposition of a sentence of nine months imprisonment. Id." (Internal quotation marks omitted.) *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 698.

In light of our decision in *Banks*, we must determine in the present case whether, pursuant to § 52-275, the trial court may refuse to allow and to sign an untimely writ of error even though untimeliness does not affect this court's subject matter jurisdiction over the writ. We conclude that a trial court has no discretion under § 52-275 to refuse to allow and to sign an untimely writ of error. A contrary conclusion effectively would permit a trial court to limit this court's subject matter jurisdiction over the writ of error. We reject such an illogical result. See, e.g., *Badolato* v. *New Britain*, 250 Conn. 753, 757, 738 A.2d 618 (1999) ("[i]f there are two possible interpretations of a statute, we will adopt the more reasonable construction over one that is unreasonable" [internal quotation marks omitted]).

General Statutes § 52-275 provides: "All writs of error *shall* be allowed and signed by a judge of the Superior Court or by the clerk of the court; and the authority signing any such writ shall, before its issue, take good and sufficient bond with surety that the plaintiff in error shall prosecute his suit to effect, and answer all damages if he fails to make his plea good." (Emphasis added.) According to the clear and unambiguous language of the statute, either a judge or the clerk of the Superior Court is statutorily authorized to allow and to sign a writ of error. The fact that the statute grants such authority to the clerk of the court is compelling evidence that the act is ministerial in nature.

In *Brunswick* v. *Inland Wetlands Commission*, 222 Conn. 541, 610 A.2d 1260 (1992), we noted that "[t]he act of the clerk in signing the writ [of summons] on behalf of a pro se plaintiff is . . . purely ministerial. The clerk has no discretion whatsoever to refuse to sign the writ of a pro se litigant in a cause of action unless the writ is defective as to form or lacks a bond

for prosecution."[6] Id., 554; see also *Gauvin* v. *New Haven*, 187 Conn. 180, 184, 445 A.2d 1 (1982) ("ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action"). We see no reason why the analysis under § 52-275 should differ, especially in view of the fact that a judge's or clerk's refusal to sign a writ of error effectively deprives this court of subject matter jurisdiction in contravention of our holding in *Banks*. We conclude, therefore, that a trial court has no discretion under § 52-275 to refuse to allow and to sign a writ of error.[7]

Notwithstanding our conclusion that § 52-275 requires a trial court to allow and to sign an untimely writ,[8] a trial court nevertheless may reject and return

---

[6] Practice Book § 8-1, formerly Practice Book, 1978–97, § 49, provides in relevant part: "(a) Mesne process in civil actions shall be a writ of summons or attachment . . . and shall be accompanied by the plaintiff's complaint. Such writ . . . shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. . . . Any person proceeding without the assistance of counsel shall sign the complaint and present the complaint and proposed writ of summons to the clerk; the clerk shall review the proposed writ of summons and, unless it is defective as to form or does not contain a bond for prosecution pursuant to Section 8-3, shall sign it. . . ."

[7] For the reasons discussed in the text of this opinion, we further conclude that a trial court is without discretion to refuse to allow an untimely writ of error under Practice Book § 72-3. See, e.g., *Banks* v. *Thomas*, supra, 241 Conn. 587 n.19 ("we possess the authority to determine whether the provisions of our Practice Book are directory or mandatory").

[8] Notwithstanding the mandatory nature of allowing and signing an untimely writ of error, a defendant in error may file a motion to dismiss the writ for lack of timeliness pursuant to Practice Book § 66-8. Section 66-8 provides in relevant part: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Sections 66-2 and 66-3 within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen . . . ." We note, however, that "even if such a timely motion to dismiss is filed, the court retains the discretion to deny the motion and to hear the appeal." *Kelley* v. *Bonney*, 221 Conn. 549, 559 n.4, 606 A.2d 693 (1992); cf. *LaReau* v. *Reincke*, 158 Conn. 486, 495, 264

any writ that does not conform with Practice Book § 72-2,[9] which covers the proper form of a writ of error; see Practice Book § 72-3; or when the prospective plaintiff in error fails to provide sufficient bond in accordance with § 52-275. Cf. *Brunswick* v. *Inland Wetlands Commission*, supra, 222 Conn. 554. Presumably, upon the trial court's rejection and return of a nonconforming writ, the prospective plaintiff in error then would resubmit the writ in proper form for allowance and signature by the trial court.

The decision is reversed and the case is remanded with direction to allow and to sign the plaintiff's writ of error.

In this opinion the other justices concurred.

A.2d 576 (1969) (late filing is factor in determining whether appeal has been prosecuted with proper diligence).

[9] Practice Book § 72-2 provides: "The writ [of error] shall contain in numbered paragraphs the facts upon which the petitioner relies, a statement of the relief claimed, and the necessary security for costs."