[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Dean Patrie, filed a single count complaint on June 30, 2000, seeking indemnification from the defendant, Area Cooperative Educational Services, Inc., pursuant to General Statutes § 10-236a. The plaintiff alleges that he was employed as a Teacher's Assistant/Driver by the defendant and was assaulted by a student while in the course of his employment. The plaintiff further alleges that as a result of the assault he has suffered, and will continue to suffer, physical and mental injuries. The plaintiff alleges that the defendant is legally bound to indemnify the plaintiff pursuant to General Statutes § 10-236a and has refused to do so.
On March 8, 2002, the defendant filed a motion for summary judgment on the grounds that the plaintiff is not entitled to indemnification under General Statutes § 10-236a and that the plaintiff has failed to exhaust his administrative remedies under the Workers' Compensation Act.
On May 28, 2002, the plaintiff also filed a motion for summary judgment on the ground that there is no genuine issue of material fact with regard to his coverage under General Statutes § 10-236a. In his memorandum of law in support of his motion for summary judgment, the plaintiff includes his arguments in opposition to the defendant's motion for summary judgment.
On September 26, 2002, the defendant filed an objection to the plaintiffs motion for summary judgment, arguing that there is a genuine issue of material fact as to whether the plaintiff was assaulted, that General Statutes § 10-236a does not apply to the plaintiff, and that the plaintiff has failed to exhaust his administrative remedies under the Worker's Compensation Act.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 1321 that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v.Payne, 261 Conn. 585, 590-91, 803 A.2d 311 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
General Statutes § 10-236a provides: "(a) Each board of education shall protect and save harmless any member of such board or any teacher or other employee thereof or any member of its supervisory or administrative staff, and the State Board of Education, the Board of Governors of Higher Education, the board of trustees of each state institution and each state agency which employs any teacher, and the managing board of any public school, as defined in section 10-183b, shall protect and save harmless any member of such boards, or any teacher or other employee thereof or any member of its supervisory or administrative staff employed by it, from financial loss and expense, including payment of expenses reasonably incurred for medical or other service necessary as a result of an assault upon such teacher or other employee while such person was acting in the discharge of his or her duties within the scope of his employment or under the direction of such board of education, Board of Governors of Higher Education, board of trustees, state agency, department or managing board, which expenses are not paid by the individual teacher's or employee's insurance, workers' compensation or any other source not involving an expenditure by such teacher or employee.
"(b) Any teacher or employee absent from employment as a result of injury sustained during an assault or for a court appearance in connection with such assault shall continue to receive his or her full salary, while so absent, except that the amount of any workers' compensation award may be deducted from salary payments during such absence. The time of such absence shall not be charged against such teacher or employee's sick leave, vacation time or personal leave days.
"(c) For the purposes of this section, the terms "teacher' and "other employee' shall include any student teacher doing practice teaching under the direction of a teacher employed by a local or regional board of CT Page 1322 education or by the State Board of Education or Board of Governors of Higher Education, and any member of the faculty or staff or any student employed by The University of Connecticut Health Center or health services.
 The Defendant's Motion for Summary Judgment (#113)
The first ground on which the defendant seeks summary judgment on the plaintiffs complaint is that the indemnification language of General Statutes § 10-236a does not apply to the plaintiff because he does not fall within the class of employees covered by the statute. The defendant argues that General Statutes § 10-236a does not define the term "other employee" and that the term must be construed in a restrictive manner. The defendant further argues that General Statutes § 10-236a should be read in conjunction with General Statutes §10-235 (a) to ascertain who is indemnified under the statute. The defendant argues that the enumerated and restrictive list of indemnified employees in General Statutes § 10-235 (a) should be imported into General Statutes § 10-236a, which also uses the term "other employee" because statutes are intended to be read so as to make one consistent body of law. Because the plaintiffs position as a Teacher's Assistant/Driver is not one of the enumerated categories in § 10-235
(a), the defendant argues that the plaintiff is not entitled to the benefits provided by § 10-236a. The plaintiff argues in opposition that when § 10-236a is read as a whole, "the legislative intent to include "other employees' is clear, and it is undisputed that the plaintiff was employed by the defendant."
It is not disputed that at the time of the alleged incident, the plaintiff was employed as a Teacher's Assistant/Driver by the defendant. Whether the plaintiff, in that capacity, can claim the protections afforded by General Statutes § 10-236a is a question of law because it requires the interpretation of the statute. See Morrison v. Parker,261 Conn. 545, 548 (2002) ("Statutory construction . . . presents a question of law. . . .") "[Sitatutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant. . . ." (Internal quotation marks omitted.) Nizzardo v.State Traffic Commission, 259 Conn. 131, 158, 788 A.2d 1158 (2002). "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended." (Internal quotation marks omitted.) Blumenthal v. Barnes, 261 Conn. 434, 460
n. 37, 802 A.2d 844 (2002). Furthermore, it is presumed "that the legislature intends sensible results from the statutes it enacts. . . . Therefore, [the court] reads each statute in a manner that will not CT Page 1323 thwart its intended purpose or lead to absurd results." Garcia v. ITTHartford Insurance Co., 72 Conn. App. 588, 592, 803 A.2d 879 (2002).
Applying these principles of statutory construction to § 10-236a, the plain and ordinary meaning of the words used in that statute favor the application of the statute's indemnification provisions to the plaintiff. The statute states that "each board of education shall protect and save harmless . . . any teacher or other employee thereof. . . ." The plain meaning of the above quoted language is that each board of education shall protect and save harmless teachers and others who are not teachers but are employees of the board.
The defendant's argument that "other employee" as used in § 10-236a
must be construed in conjunction with § 10-235 (a) fails for a number of reasons. Both § 10-235 and § 10-236a use the terms "teacher" and "other employee." Both statutes contain identical language stating, "For the purposes of this section, the terms "teacher' and "other employee' shall include. . . ."[1] That the legislature chose to address those terms separately in each statute speaks to the legislature's intent that the statutes be read separately and not conjunctively, as argued by the defendant. It is precisely because both statutes deal with indemnification under different circumstances, as noted by the defendant in its memorandum of law, that the statutes should be construed independently. It cannot be inferred, as the defendant argues, that because the two statutes use the terms interchangeably, the legislature intended the enumerated categories in § 10-235 (a) to apply to § 10-236a.
The defendant argues that "[a]ccording to Connecticut General Statutes section 10-235 (a), "teacher and "other employee' include only" those individuals enumerated later in the statute following the language, "For the purposes of this section, the terms "teacher' and `other employee' shall include. . . ." Because the plaintiffs position of Teacher's Assistant/Driver is not one of the enumerated categories in § 10-235
(a), the defendant would have this court hold that the plaintiff is not entitled to the benefits provided by § 10-236a. To arrive at this result the "shall include" language of § 10-235 (a) must be read, as urged by the defendant, as a definition of the terms "teacher" and "other employee" in both §§ 10-235 and 10-236. The flaw in this argument, however, is the presence of the similar "shall include" language in § 10-236a (c). If the "shall include" language of § 10-235 (a) is interpreted to define the terms "teacher" and other "employee" in both §§ 10-235 and 10-236a, rather than only to expand those terms as used in § 10-235 alone, subsection (c) of § 10-236a would be rendered superfluous, or at best redundant, a result that not only can but should CT Page 1324 be avoided.
The defendant's argument that the list in § 10-235 (a) should be read as a definition of the terms in § 10-236a is further undercut by the defendant's own arguments made in opposition to the plaintiffs motion for summary judgment. In its memorandum of law opposing the plaintiffs motion, the defendant argues, contrary to its earlier argument, that "[t]he language of Connecticut General Statutes section 10-236a
specifically provides that only a limited class of non-teachers are protected by the section: (1) any student teacher doing practice teaching under the direction of a teacher; and (2) any member of the faculty or staff or any student employed by The University of Connecticut Health Center or health services." (Emphasis added.) The defendant is now arguing that § 10-236a is not read in conjunction with § 10-235
(a) and that the legislature intended in § 10-236a (c) to define the terms "teacher" and "other employee" and to limit the protection of that statute to only two categories of employees, as opposed to the eight categories offered protection under § 10-235 (a).
If this court were to adopt the defendant's construction of the statutes, the terms "teacher" and "other employee" would be defined in each statute by the language following "shall include." Such a construction would result in making the protections of § 10-236a
available only to "a student teacher doing practice teaching under the direction of a teacher employed by a local or regional board of education . . . or any member of the faculty or staff or any student employed by The University of Connecticut Health Center or health services." Such a construction would render superfluous the language "[e]ach board of education shall protect and save harmless any member of such board or any teacher or other employee thereof' found in each statute. Additionally, such construction would result in coverage for a student teacher under § 10-236a, but no coverage for a teacher under contract with the defendant. Such an absurd result not only can but must be avoided.
Because the plaintiff is an employee of the defendant, the plain and ordinary meaning of the language "each board of education shall protect and save harmless any . . . teacher or other employee thereof' in §10-236a (a) provides the plaintiff with a claim for indemnification under the statute. Accordingly, the defendant's motion for summary judgment on the ground that General Statutes § 10-236a is not applicable to the plaintiff and is denied.
The defendant also moves for summary judgment on the ground that the plaintiff has not exhausted his administrative remedies pursuant to the Workers' Compensation Act. The plaintiff relies on Fenton v. AreaCT Page 1325Cooperative Educational Services, Docket No. CV 98 0073702 (January 24, 2001, Bishop, J.) (29 Conn.L.Rptr. 338), in support of his opposition to this ground.
In Fenton, the court held that General Statutes § 10-236a "provides protection beyond that afforded an employee pursuant to workers' compensation. The fact that the plaintiff has a pending workers' compensation suit does not preclude [an action for indemnification under General Statutes § 10-236a]." Id., 339. This court, based on the reasoning of the court in Fenton, denies the defendant's motion for summary judgment on the ground that the plaintiff has failed to exhaust his administrative remedies under the Workers' Compensation Act.
 The Plaintiffs Motion for Summary Judgment (#114)
The plaintiff moves for summary judgement on the ground that there is no genuine issue of material fact concerning the defendant's responsibility to the plaintiff for the damages provided by General Statutes § 10-236a.[2] The plaintiffs motion for summary judgment is accompanied by his own affidavit in which he attests (¶ 3) that he was "assaulted by a student." The defendant argues in opposition to the motion for summary judgment that the plaintiff has failed to meet his burden of establishing, as a matter of law, that he was injured in an assault.
Although the plaintiff specifically states in his affidavit that he was assaulted, a conclusory statement does not put a material fact at issue."Buell Industries, Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527,557, 791 A.2d 489 (2002). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Gaynor v. Payne, supra, 261 Conn. 590-91. The alleged assault is one of the lynchpin issues in determining whether General Statutes § 10-236a applies in this case, and the plaintiff has not offered any evidence, other than his self-serving affidavit, to support his conclusion that he was assaulted. He does not submit factual evidence that would support either a common law cause of action for assault or the criminal offense of assault. Because a genuine issue of fact remains as to whether the plaintiffs alleged injuries were the result of an assault entitling him to the benefits provided by General Statutes § 10-236a, the plaintiffs motion for summary judgment is denied.
___________________ Gilardi, J CT Page 1326