## PATRICK DISTASSIO *v.* ALLSTATE INDEMNITY COMPANY
## (AC 23594)

Schaller, West and Hennessy, Js.

Argued October 29, 2003—officially released January 13, 2004

*Jane G. Beddall*, with whom, on the brief, was *Terence A. Zemitis*, for the appellant (defendant).

*Alan Scott Pickel*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Allstate Indemnity Company, appeals from the judgment of the trial court awarding damages to the plaintiff, Patrick Distassio. The defendant specifically claims that the court improperly (1) denied its motion to set aside a default for failure to appear, (2) denied its right to a trial by jury and (3) failed to reduce the plaintiff's damage award. We agree with the defendant's first claim; because the defendant's other claims are logically dependent on its first claim, we do not address the second and third claims.

The essential facts are not in dispute. In August, 1999, the plaintiff was injured in a car accident. At the time of the accident, the defendant was the plaintiff's insurer. The plaintiff's insurance policy contained uninsured-underinsured motorists coverage. After the plaintiff sought compensation from the driver of the other car, the plaintiff brought an action against the defendant to recover uninsured-underinsured benefits.

The plaintiff filed a complaint against the defendant on November 26, 2001. The return date for the complaint was December 18, 2001. The defendant did not file an appearance, and on December 21, 2001, the plaintiff filed a motion for default for failure to appear pursuant to Practice Book § 17-20. The motion was granted by the court clerk, relying on Practice Book § 17-20 (c).

The defendant responded to the action on January 9, 2002, and filed an appearance as well as a timely claim for a jury trial.[1] The court clerk failed to set aside the default as provided in Practice Book § 17-20 (c). The case proceeded, albeit with procedural irregularities, and the defendant made a motion to set aside the

[1] The claim for a jury trial was filed within thirty days of the return date, and the case involved a question of fact. See General Statutes § 52-215 and Practice Book § 14-10.

default, which was denied. The court held a hearing in damages, awarded the plaintiff $36,889 and rendered judgment. This appeal followed.

The defendant claims that the court improperly denied its motion to set aside or to open the default for failure to appear. The defendant argues that the court should have granted the motion because the court clerk improperly failed to set aside the default. Alternatively, the defendant argues that the motion itself was unnecessary because the rules of practice require the court clerk to set aside a default when the defaulting party files an appearance. We agree with the defendant's alternative argument.

On review, we normally look to see if the court abused its discretion in denying motions such as the motion in this case.[2] See *People's Bank* v. *Horesco*, 205 Conn. 319, 323, 533 A.2d 850 (1987). We do not reach the question of whether the court abused its discretion, however, because the default should have been set aside by the court clerk pursuant to Practice Book § 17-20 (c).

Our rules of practice provide in relevant part that "[i]f the defaulted party files an appearance in the action prior to the entry of judgment after default, the default *shall automatically* be set aside by the clerk. . . ." (Emphasis added.) Practice Book § 17-20 (c). In *Morrison* v. *Parker*, 261 Conn. 545, 551, 804 A.2d 777 (2002), our Supreme Court reviewed the language of General Statutes § 52-275, which provides in relevant part that "[a]ll writs of error shall be allowed and signed by a judge of the Superior Court or by the clerk of the court . . . ." The court held that provision to be mandatory and stated that "[a]ccording to the clear and unambiguous language of the statute, either a judge or the clerk

---

[2] We note that the rules of practice do not provide for the motion filed by the defendant, as there is, generally, no need for such a motion.

of the Superior Court is statutorily authorized to allow and to sign a writ of error. The fact that the statute grants such authority to the clerk of the court is compelling evidence that the act is ministerial in nature." *Morrison* v. *Parker*, supra, 551.

Similar to the statute in *Morrison* v. *Parker*, supra, 261 Conn. 545, Practice Book § 17-20 (c) uses the word "shall." That suggests that the provision is mandatory. *Grasso* v. *Zoning Board of Appeals*, 69 Conn. App. 230, 239–40, 794 A.2d 1016 (2002). Further, the use of the word "automatically" indicates that the court clerk has no discretion and must set aside the default after the party has filed an appearance.[3] The language of the statute indicates that the defendant was not required to file a motion to set aside the default; when the defendant filed an appearance prior to the judgment, the default was required to be set aside automatically.[4]

The failure of the clerk to set aside the default after the appearance was filed was improper. That omission directly led to and caused the other actions that the defendant claims to be improper. Neither the default nor the hearing in damages should have taken place. Moreover, the omission affected the integrity of the judicial system because it prevented the defendant from having proper access to the court to defend the action. Accordingly, the judgment of the trial court cannot stand.

The judgment is reversed and the case is remanded with direction to place the case on the jury list and for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[3] Indeed, it would be difficult to read the phrase "shall automatically" as anything but a mandatory direction.

[4] See generally *Friedman* v. *Pusch*, judicial district of New Haven, Docket No. 374030S (March 6, 1996) (16 Conn. L. Rptr. 283, 284).