# TODD C. MORRISON *v.* SENTENCE REVIEW DIVISION OF THE SUPERIOR COURT
## (AC 24310)

Dranginis, Flynn and DiPentima, Js.

Argued January 21—officially released August 10, 2004

*Todd C. Morrison,* pro se, the plaintiff in error.

*John A. East III,* senior assistant state's attorney, with whom, on the brief, were *Timothy J. Liston,* state's attorney, and *Russell C. Zentner,* senior assistant state's attorney, for the defendant in error.

Opinion

DRANGINIS, J. The pro se plaintiff in error, Todd C. Morrison (plaintiff), brings this writ of error, claiming that the defendant in error, the sentence review division of the Superior Court (defendant), improperly concluded that the plaintiff was not entitled to sentence review pursuant to General Statutes § 51-195[1] because he had entered into a plea agreement during his sentencing in 1984. We dismiss the writ of error.

The underlying facts and procedural history, taken from *Morrison* v. *Parker,* 261 Conn. 545, 804 A.2d 777 (2002), are pertinent to our resolution of the plaintiff's writ of error. "In 1984, the plaintiff . . . pleaded guilty to one count of murder in violation of General Statutes § 53a-54a (a) and one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), and was sentenced to a total effective term of fifty

---

[1] General Statutes § 51-195 provides in relevant part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed . . . except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. . . ."

years imprisonment. Pursuant to General Statutes § 51-195, the plaintiff timely filed an application for review of his sentence with the sentence review division of the Superior Court. In June, 1985, the sentence review division denied the plaintiff's application after determining that the plaintiff's sentence was the product of a plea agreement. See General Statutes § 51-195. Thereafter, in 1995, the plaintiff filed an amended petition for a writ of habeas corpus in which he sought the restoration of his right to sentence review. The habeas court denied the petition, concluding, inter alia, that a writ of error was the proper vehicle for appealing from a decision of the sentence review division. Upon the granting of certification, the plaintiff appealed to the Appellate Court from the judgment of the habeas court denying his petition. In March, 2000, the Appellate Court agreed with the conclusion of the habeas court and affirmed its judgment denying the plaintiff's habeas petition. *Morrison* v. *Commissioner of Correction*, 57 Conn. App. 145, 149, 747 A.2d 1058 (2000). In June, 2000, [our Supreme Court] denied the plaintiff's petition for certification to appeal from the judgment of the Appellate Court. *Morrison* v. *Commissioner of Correction*, 253 Conn. 920, 755 A.2d 215 (2000). Thereafter, in September, 2000, the plaintiff presented a writ of error to the trial court, *Parker, J.*, in which the plaintiff challenged the 1985 decision of the sentence review division. The trial court declined to allow and to sign the plaintiff's writ. Thereafter, the plaintiff appealed to the Appellate Court, and [the case was transferred to the Supreme Court] pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

"On appeal, the plaintiff claim[ed] that [General Statutes] § 52-275 requires the trial court to perform a ministerial act, and, therefore, that the trial court is without jurisdiction to refuse to allow and to sign a writ of error on the ground of untimeliness." *Morrison* v. *Parker*,

supra, 261 Conn. 547–48. The Supreme Court agreed with the plaintiff, and reversed the decision of the trial court and remanded the case with the direction to the trial court to allow and to sign the writ of error. Id., 553. The plaintiff subsequently brought the writ of error to the Supreme Court, which transferred the writ to this court, pursuant to Practice Book § 65-1.

I

Before turning to the merits of the plaintiff's claim, we first address the defendant's contention that the plaintiff's writ of error is untimely. In *Banks* v. *Thomas*, 241 Conn. 569, 698 A.2d 268 (1997), our Supreme Court considered whether the two week limitation period for filing a writ of error, pursuant to General Statutes § 52-273, deprived the court of subject matter jurisdiction. *Banks* v. *Thomas*, supra, 581. The court held that "failure to file the writ of error within the prescribed time period [did] not require dismissal of the writ." Id., 582. After a thorough examination of the statute and its legislative history, our Supreme Court concluded that "noncompliance with the two week limitation period . . . [did] not deprive [it] of subject matter jurisdiction over a writ of error." Id., 586; see also *Morrison* v. *Commissioner*, supra, 261 Conn. 549–50.

In his brief and at oral argument, the plaintiff explained the reasons for the untimely writ of error. The plaintiff indicated that he was hindered by limited access to an outdated law library and had no access to modern technology, which has forced him to resort to a time-consuming alternative, legal research by correspondence. "We recognize that the vicissitudes of the practice of law, as well as the practical incapacity of certain pro se petitioners who are incarcerated, may lead to occasional untimely filings in exceptional circumstances." *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 700, 699 A.2d 1003 (1997). In light of

our Supreme Court's rulings that a petition filed untimely does not implicate the court's subject matter jurisdiction and that § 52-273 does not create an absolute bar to appellate review for petitioners who file outside the limitation period, we will review the merits of the plaintiff's writ of error.

## II

In a well articulated and researched brief, the plaintiff claims that the defendant improperly concluded that he was not entitled to sentence review pursuant to § 51-195 because he had entered into a "plea agreement" during his sentencing in 1984. The plaintiff argues that the term "plea agreement" for purposes of § 51-195 requires an "agreement encompassing a sentence of a specific term of years" according to *Staples* v. *Palten,* 214 Conn. 195, 200, 571 A.2d 97 (1990),[2] and *State* v. *Anderson,* 220 Conn. 400, 407, 599 A.2d 738 (1991) ("agree to recommendation of a specific term of years of incarceration, without a reservation by the defendant to argue for a lesser sentence").[3] At the time of the defendant's conviction, the sentence review division had ruled that a plea agreement that authorized a defendant to argue for a lesser sentence was a "plea agreement" for purposes of § 51-195. See *Staples* v. *Palten,* supra, 197. The plaintiff contends that because at the time he was sentenced he had not agreed to a sentence for a specific term of years and had reserved the right to argue for a lesser sentence, he did not enter into a "plea agreement" within the meaning of the statute and the holdings of *Staples* and *Anderson.*

[2] In *Staples* v. *Palten,* supra, 214 Conn. 197, the plaintiff filed a petition for a writ of error claiming that the sentence review division had improperly defined the term plea agreement. *Staples* v. *Palten,* supra, 214 Conn. 197.

[3] In *Anderson,* the defendant took a direct appeal from his conviction to challenge his sentence claiming that he had not entered into a plea agreement as defined by our Supreme Court in *Staples. State* v. *Anderson,* supra, 220 Conn. 402–403.

The plaintiff seeks a retroactive application of *Staples* and *Anderson* to render him eligible for sentence review. The issue before us is whether a sentence that was final in the mid-1980s can be reviewed pursuant to a writ of error filed more than fifteen years later on the basis of decisional law rendered in 1990 and 1991.[4] We conclude that it may not.

"Although it is true that judgments that are not by their terms limited to prospective application are presumed to apply retroactively; *State* v. *Ryerson*, 201 Conn. 333, 339, 514 A.2d 337 (1986); this general rule applies to cases that are *pending* and not to cases that have resulted in final judgments." (Emphasis added.) *Marone* v. *Waterbury*, 244 Conn. 1, 10–11, 707 A.2d 725 (1998); see also *Amodio* v. *Amodio*, 56 Conn. App. 459, 472, 743 A.2d 1135, cert. granted on other grounds, 253 Conn. 910, 754 A.2d 160 (2000) (appeal withdrawn September 27, 2000). In this case, the plaintiff seeks to apply the holdings of *Staples* and *Anderson* to his request for sentence review by way of a writ of error initiated long after his conviction became final.[5] Both *Staples* and *Anderson* were decided more than five years after his sentence became final. The general rule regarding the retroactive application of judicial decisions to *pending* cases is inapplicable here. Consequently, regardless of whether the plaintiff entered into a plea agreement as that term is defined by *Staples* and *Anderson*, we will not retroactively apply the holdings

---

[4] While the habeas corpus cases cited by the defendant are helpful to our analysis, a writ of error is not a "collateral attack" on the judgment. See *Lewis* v. *Planning & Zoning Commission*, 49 Conn. App. 684, 688–89 n.5, 717 A.2d 246 (1998); see also *Reilly* v. *State*, 119 Conn. 217, 220, 175 A. 582 (1934), overruled on other grounds, *Cannavo Enterprises, Inc.* v. *Burns*, 194 Conn. 43, 478 A.2d 601 (1984).

[5] The relief the plaintiff seeks is not affected by his claim, made in his 1985 petition for sentence review, that his sentence was not the product of a plea agreement.

of those decisions to grant the plaintiff the relief he is seeking.[6]

The writ of error is dismissed.

In this opinion the other judges concurred.

---

[6] We need not decide whether the rules announced in *Staples* and *Anderson* are constitutional or nonconstitutional in nature. For the sake of argument, even if the rules were constitutional, we would not apply them retroactively to a sentence that was final. See *Griffith* v. *Kentucky*, 479 U.S. 314, 322, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987) (generally, new constitutional rules apply retroactively to cases pending on direct review); and *Amodio* v. *Amodio*, supra, 56 Conn. App. 472 ("[d]ecisional law can apply retroactively only to cases that are pending").

We note that "§ 51-195 is a remedial statute because its purpose is to curb the ill effects stemming from wide judicial discretion in sentencing prisoners for similar offenses." *State* v. *Anderson*, supra, 220 Conn. 404; see also *State* v. *Nardini*, 187 Conn. 109, 445 A.2d 304 (1982).